UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

JEFFERY STINSON                                                                                         PLAINTIFF

v.                                                                        CIVIL ACTION NO. 1:25-CV-170-JHM

UNITED STATES DISTRICT COURT                                                                DEFENDANT

### MEMORANDUM OPINION

This is a *pro se* prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Jeffery Stinson is currently a pretrial detainee housed at the Allen County Detention Center ("ACDC"). He filed this action against the United States District Court, Western District of Kentucky in the Bowling Green Division. Plaintiff alleges that his federal offense date "started on October 16, 2013." He states that he cannot get proper papers regarding his federal actions: "25-CR-233 and 25-CR-234."[1] He states that he "was in transit on case 25CR233 and while in Atlanta GA, I was sexual assaulted" and then sent to his place of incarceration. Plaintiff contends that he served five years of his sentence and "was released on probation." Plaintiff represents that he "was revoked on my sentence on case 25CR234."[2] Plaintiff asserts that his final sentencing papers reflect that the federal district court judge ordered a one year and a day sentence and ordered that Plaintiff would not be housed in Atlanta, Georgia.

---

[1] The Court is unable to locate the case numbers cited by Plaintiff in the United States District Court for the Western District of Kentucky. The Court has located *United States v. Stinson*, Criminal Action No. 1:13-CR-23-GNS (DN 82), in which Plaintiff pled guilty to conspiracy to possess and possession with the intent to distribute and distribution of hydrocodone.

[2] On June 14, 2016, Plaintiff's supervised release was revoked in Criminal Action No. 1:13-CR-23-GNS, and Plaintiff was sentenced to "12 MONTHS AND 1 Day." *Stinson*, 1:13-CR-23-GNS (DN 110). The Order further provided that "the Court recommends that the defendant be housed at a facility that is not in Atlanta, Georgia."

Plaintiff alleges that when in transit after revocation, he was sent back to Atlanta. Plaintiff represents that he informed the United States Marshals, but they did not care. He contends that when he was released to a halfway house in Bowling Green, Kentucky, he wrote a letter to the federal district judge that presided over his case, and "he asked did I want a lawsuit." Plaintiff states that he could not find an attorney to take the case, so he is "filing for myself for damages."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with

pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

#### A. Section 1983 Claims

Title 42 U.S.C. § 1983 is the operative statute for civil-rights claims against a local government or defendants employed by a state or local government, whereas civil-rights suits against federal employees are brought under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Section 1983 actions and *Bivens* actions are analogous. *See King v. Fuller*, No. 4:08-cv-36, 2008 WL 4613076, at *2 (E.D. Tenn. Oct. 15, 2008) (finding "a *Bivens* action is analogous to an action under § 1983" and noting that "the decisional law developed under § 1983 generally applies in *Bivens*-type actions"). The United States District Court and its employees are federal actors instead of state actors and not subject to suit under § 1983. Accordingly, the Court will construe Plaintiff's civil-rights suit as brought under *Bivens*.

#### B. *Bivens* Action

*Bivens* recognizes an implied private right of action for damages against *individual* federal government officials who violate a citizen's constitutional or federal statutory rights under color of federal law. *Brown v. U.S. Dep't of Just.*, No. 3:23-CV-00072-JHM, 2023 WL 6929814, at *2 (W.D. Ky. Oct. 19, 2023). However, "a *Bivens* action may not be brought against the United States and other federal governmental agencies or entities." *Gaddy v. S.C. Dist. Ct.*, No. CA 8:13-2387-JFA-JDA, 2014 WL 1094442, at *4 (D.S.C. Mar. 18, 2014) (citing *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies)); *see also Scoyni v. United States Dist. Ct. of Idaho 9th Cir.*, No. 1:19-CV-00232-DCN, 2019 WL 5587212, at *2 (D. Idaho Oct. 29, 2019).

In other words, "*Bivens* did not abrogate the sovereign immunity of the United States or that of a federal agency." S*cott v. U.S. Dep't of Just.*, No. 2:21-CV-11146, 2021 WL 2895293, at *3 (E.D. Mich. July 9, 2021); *see also LeVay v. Morken*, 598 F. Supp. 3d 655, 663 (E.D. Mich. 2022) ("The only remedy available under *Bivens* is money damages from an individual federal employee."); *Olita v. United States*, No. 21-2763-JTF-TMP, 2022 WL 874179, at *1 (W.D. Tenn. Mar. 23, 2022) (same). The United States District Court for the Western District of Kentucky is a governmental entity established pursuant to 28 U.S.C. § 97. Thus, Plaintiff's claims under *Bivens* against the United States District Court fail because it is a federal governmental entity.

## IV.

For these reasons, the action will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant immune from such relief. The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: February 11, 2026

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.014